# CURRENT COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 231
### LEWALSKY v. STATE
Ohio Court of Appeals. Lorain County
No. 224. Feb. 16, 1923

CRIMINAL LAW—(1) Although part of a charge to a jury may be erroneous, there is no reversible error, if the verdict is correct.

Epitomized Opinion

Error to Lorain Court of Common Pleas

FUNK, J.:

Lewalsky, while driving his machine in Lorain, collided with an auto bus and as a result one Olga Timm was killed. The evidence indicated that Lewalsky was violating several sections of the criminal laws of Ohio, by exceeding the speed limit, by driving while intoxicated and by failing to observe traffic rules. He was convicted of manslaughter in the lower court and now prosecutes error on the ground that the trial court, in its charge to the jury, used the expression "contributed to the proximate cause of her death." In several other paragraphs of the charge the court indicated very clearly that the violation of the statutes must have been the proximate cause of the death. Held by the Court of Appeals in affirming the conviction.

1. Admitting that the expression "contributed to the proximate cause of death" is improper, there is still no prejudicial error. Although a particular part of a charge, taken by itself, is erroneous, yet if in view of the evidence in the case the jury could not have been misled and the verdict appears to be correct, the judgment of the lower court will not be reversed.

Attorneys—C. F. Adams and G. A. Resek, for Lewalsky; N. H. Webber, for State.

---

No. 232
### LAKE SHORE ELEC. R. CO. v. TOLEDO TERMINAL R. CO
Ohio Court of Appeals, Lucas County
No. 1268. Feb. 19, 1923

RAILROAD CROSSINGS—(1) Cost of upkeep—(2) Fixing responsibility by contract.

CHITTENDEN, J.:

Epitomized Opinion

The Toledo Terminal Company sued The Lake Shore Electric Railway in common pleas court of Lucas County for $591.11, which sum was one-half the sum expended for repairs and upkeep of tracks. These repairs were made at the intersection of the two railroads. Plaintiff claimed that under G. C. 3775, defendant was obliged to pay one-half the cost of repairs at this intersection. Defendant claimed that when plaintiff constructed its tracks across those of defendant, the former agreed to pay all the expense for the upkeep of that portion of the two roads. Defendant also filed a cross petition for half the expense of repairs and maintenance of a derailing device located at the crossing. As both parties filed a motion for judgment in its favor, on the pleadings, the cause was submitted to the court. The lower court rendered judgment for the plaintiff for $357.45, which was the amount of plaintiff's claim less the amount of the counter-claim. Thereupon defendant prosecuted error. The Court of Appeals held:

1. Section 3775 G. C. does not purport to relate to interurban railroads, but relates to crossings of street railroad tracks and steam railroad tracks when the crossings are at grade on a street in a municipality.

2. As the expense of the upkeep of the crossing was fixed by the terms of the agreement, this fixes the liability for these repairs. Judgment reversed.

Attorneys—Marshall & Fraser and D. F. Melhorn, for Terminal Co.; Tyler, Northup & McMahon and C. W. F. Kirkley, for Lake Shore.

---

No. 233
### HEDDESHEIMER v. THOMANN, Admr.
Ohio Court of Appeals, Summit County
No. 648. Nov. 29, 1922
(Akron Daily Legal News)

PROMISSORY NOTE—(1) Want of consideration not a defense to note given for property bought at judicial sale—(2) Defense of fraud waived by request to submit evidence on the other defense—(3) Application of caveat emptor rule—(4) Defense that property sold was not subject to judicial sale not to be set up—(5) Chose in action valid consideration for a note.

FUNK, J.:

Epitomized Opinion

Error to Summit Court of Common Pleas

M. Thomann, administrator of the estate of B. Thomann, brought action on a promissory note given by Heddesheimer for $1,000 for an interest in the stock of a proposed rubber company for which stock decedent had paid $1,000. Heddesheimer set up the defense of want of consideration and fraud in obtaining the note. Thomann replied that Heddesheimer received as consideration all the interest acquired by B. Thomann in the stock of the said rubber company and denied the allegation of fraud. Thomann also claimed that the answer did not constitute a defense as against an administrator and that said interest or chose in action having been obtained at a judicial sale under the direction of the Probate Court could not be attacked collaterally as a defense to the note sued on. Held by Court of Appeals in affirming judgment for Thomann:

1. Want of consideration is not a defense to a promissory note given for property bought at a judicial sale.

2. When two defenses, one of which is fraud, are set up to an action on a promissory note, if the defendant asks only to submit evidence on the other defense, the defense of fraud is waived.

3. The principle of caveat emptor applies to a transaction in which one party purchases from another property secured at a judicial sale.

4. A defendant to an action on a promissory note cannot set up as a defense that the property in payment of which the note was given, and which was sold at a judicial sale, was not the subject of a judicial sale.

5. A paper purporting to be an agreement, or at least a "chose in action" of some kind is valid consideration for a note.

Attorneys—May, Zesiger & May, for Heddesheimer; Walter Selegue, for Thomann.